**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LANA K. GIALLELLA and<br>PASCAL A. GIALELLA,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL INC. and C.R. BARD, INC.,<br><br>Defendants. | ) | Case No.: ____________ |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), (collectively "Defendants") hereby remove the above-captioned action from the Supreme Court of the State of New York in and for Erie County, New York, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiffs' Complaint makes similar allegations to numerous other product liability complaints filed against Davol and Bard throughout the country. Plaintiffs allege that the Composix® Kugel® Hernia Patch, an FDA-approved medical device manufactured and sold by Davol for use in the repair of soft tissue defects, including hernias, was defective and unreasonably dangerous when put to its intended use. These matters have been consolidated for pretrial proceedings. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). With Defendants' removal, the present action can and should become part of those MDL proceedings in due course.

2. Plaintiffs commenced this action with their Complaint filed in Supreme Court of the State of New York in and for Erie County, New York on or about May 27, 2008. Bard was served with the Complaint on or about June 5, 2008. Davol has not yet been served but expressly joins in this Notice of Removal.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiffs' Complaint) is attached hereto as Ex. A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Supreme Court of the State of New York in and for Erie County, New York, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 112(d).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol and Bard, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Supreme Court of the State of New York in and for Erie County, New York, where Plaintiffs' Complaint is pending. A copy of this Notice of Removal and the written notice of same that is being provided to the state court is also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and the Defendants Davol and Bard. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. The Amount-In-Controversy Requirement Is Satisfied**

8. Although Defendants deny Plaintiffs' claims, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met, as Plaintiffs explicitly plead an amount in controversy in excess of $75,000. (*See* Compl. ¶ 7.) Plaintiffs additionally state that "[i]f [this case is] removed, Plaintiff recognizes that this action is subject to consolidation in *In re: Kugel Mesh Hernia Patch Products Liability Litigation*, MDL No. 1892." (*Id.*)

**B. The Parties Properly Joined In This Action Are Completely Diverse**

9. Plaintiffs are residents and citizens of Erie County, New York. (*See* Compl. ¶ 3.)

10. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states, and not New York. *See* 28 U.S.C. § 1332(c)(1).

11. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey, and not New York. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Supreme Court of the State of New York in and for Erie County, New York, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: June 16, 2008

Respectfully submitted,

PEPPER HAMILTON LLP

Suzanne M. D'Amico (SD 3581)
Pepper Hamilton LLP
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
New York, NY 10170-2399
Phone: (212) 808-2710
Fax: (212) 286-9806
damicos@pepperlaw.com

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

Of Counsel:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639
kgriffis@spriggs.com
dgausepohl@spriggs.com
mjunk@spriggs.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of June, 2008, a true and correct copy of the foregoing Notice of Removal has been served upon counsel of record as follows.

Brian A. Goldstein, Esq.
CELLINO & BARNES, P.C.
17 Court Street, 7th Floor
Buffalo, NY 14202

*Certified Mail (Return Receipt Requested)*

BY: /s/ Suzanne M. D'Amico
Suzanne M. D'Amico