# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

# Service of Process Transmittal

06/05/2008
CT Log Number 513499330

JUN 06 2008
C.R. BARD INC.
LAW DEPT

**TO:** Jean Miller, Assistant Secretary
C. R. Bard, Inc.
730 Central Avenue, 730 Central Avenue
New Providence, NJ 07974

**RE:** **Process Served in New York**

**FOR:** C. R. Bard, Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lana K. Giallella and Pascal A. Giallella, Pltfs. vs. Davol, Inc. and C.R. Bard, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Erie County: Supreme Court, NY<br>Case # I 2008-6260 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Personal injuries - "The Kugel Patch" |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/05/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brian A. Goldstein<br>Cellino & Banes, P.C.<br>17 Court Street, 7th Floor<br>Buffalo, NY 14202-3290<br>716-854-2020 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790521022004<br>Email Notification, Jean Miller JEAN.MILLER@CRBARD.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue<br>New York, NY 10011 |
| **TELEPHONE:** | 212-894-8940 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
*****************************************************

LANA K. GIALLELLA and PASCAL A. GIALLELLA,
Individually and as Husband and Wife,
44 Heritage Farm Road
West Seneca, New York 14224

Plaintiffs,

vs.

**SUMMONS**

DAVOL, INC.,
c/o CT Corporation System
10 Weybosset Street
Providence, Rhode Island 02903

and

C.R. BARD, INC.,
c/o CT Corporation System
111 8th Avenue
New York, New York 10011

**Index No.** 1 2008-6260

Defendants.

*****************************************************

FILED
05/27/2008/ 15:23:55
ERIE COUNTY CLERK
RCPT # 527708
1 2008006260

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is the residence of the plaintiff, which is:

44 Heritage Farm Road, West Seneca, New York 14224

DATED: Buffalo, New York
May 27, 2008

Yours, etc.,

**CELLINO & BARNES, P.C.**

By: ______________________________

Brian A. Goldstein
Attorneys for Plaintiffs
17 Court Street, 7th Floor
Buffalo, NY 14202
(716) 854-2020

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
*****************************************************

LANA K. GIALLELLA and PASCAL A. GIALLELLA,
Individually and as Husband and Wife,

Plaintiffs,

vs.

DAVOL, INC., and
C.R. BARD, INC.,

Defendants.

*****************************************************

**COMPLAINT**

**Index No.** I 2008-2-2008

Plaintiffs **LANA K. GIALLELLA and PASCAL A. GIALLELLA,** Individually and as Husband and Wife, by and through their attorneys, CELLINO & BARNES, P.C., as and for their complaint against Defendants, above-named, allege upon information and belief the following:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action against C.R. BARD, INC. and its wholly owned subsidiary, DAVOL, INC., for their sale and distribution of defective Composix® Kugel® Mesh Patches (hereinafter "Kugel Patch"). The Defendants' defective product has been surgically implanted into the body of Plaintiff LANA K. GIALLELLA. The Kugel Patch presents, and will continue to present, a substantial risk of injury or death to Plaintiff LANA K. GIALLELLA. As a result, Plaintiff LANA K. GIALLELLA has been injured and will need continual and ongoing medical monitoring.

2. Plaintiff PASCAL A. GIALLELLA'S claim is derivative of the claim presented by his spouse, LANA K. GIALLELLA.

## PARTIES

3. Plaintiffs LANA K. GIALLELLA and PASCAL A. GIALLELLA (hereinafter "Plaintiffs") are individual citizens and residents of the County of Erie, State of New York. During the relevant time period, Plaintiff LANA K. GIALLELLA had hernia repair surgery which included the implantation of a Kugel Patch into her body. The patch was later removed.

4. Plaintiff PASCAL A. GIALLELLA'S claim is derivative of the claim presented by his spouse, LANA K. GIALLELLA.

5. Defendant DAVOL, INC. (hereinafter "DAVOL") is and was a wholly owned subsidiary of C.R. BARD, INC., with its principal place of business at 100 Sockanosset Crossroads, P.O. Box 8500, Cranston, Rhode Island, 02920, County of Providence. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset Street, Providence, Rhode Island 02903. At all times relevant, DAVOL was a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business for manufacturing hernia surgical repair products in Cranston, Rhode Island. DAVOL designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including the States of New York, Rhode Island and Texas.

6. Defendant C.R. BARD, INC. (hereinafter "BARD") is a New Jersey corporation with its principal office and place of business at 730 Central Avenue, Murray Hill, New Jersey 07974, County of Union, and at all times relevant designed,

manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including the States of New York, Rhode Island and Texas.

## JURISDICTION AND VENUE

7. No Defendant is a citizen of the same state as Plaintiffs and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. If removed, Plaintiff recognizes that this action is subject to consolidation in *In re: Kugel Mesh Hernia Patch Products Liability Litigation*, MDL No. 1892.

8. Venue is proper because Defendants DAVOL and BARD distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners at all times relevant and including the day this action is commenced, certain hernia repair products to be surgically implanted in patients in the State of New York and the County of Erie.

## GENERAL ALLEGATIONS

9. Plaintiffs' action involves the Kugel Patch manufactured by Defendants between 2001 and March, 2006. These Kugel Patches were sold by Defendants for implantation in patients in the course of hernia repair surgery.

10. A hernia occurs when the stomach muscles are too weak to contain the intestines, and as a result, a rupture occurs in the muscle wall which allows the intestines to protrude. The Kugel Patch was designed to treat ventral hernias caused by the thinning or stretching of scar tissue that forms after surgery.

11. The Kugel Mesh line of products was first manufactured by Surgical Sense, Inc. starting in or around 1996. In January of 2000, BARD acquired the Kugel line of hernia repair products from Surgical Sense, Inc. Shortly thereafter, in 2001, BARD introduced the Kugel Patch through its subsidiary, DAVOL.

12. The Kugel Patch, invented by Robert D. Kugel, M.D., is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. The Kugel Patch is inserted behind the hernia defect in the abdomen through a small incision. In order to fit through the small incision the mesh is folded in half. Once inside the abdomen the mesh re-deploys as a result of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

13. Due to defects in the design and manufacturing of the Kugel Patch, the "memory recoil ring" that opens the patch can break under stress of placement of the product in the intra-abdominal space. Once the memory recoil ring has broken, it can later come loose and cause serious injuries as it travels through the body. These injuries include: intestinal perforations; ring migration through the abdominal wall; abscesses; bowel obstruction and sepsis; and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

14. The Kugel Patches present and constitute an unreasonable risk of danger and injury in the following respects:

a. the memory recoil ring of the Kugel Patch is likely to malfunction after being implanted;

b. the Kugel Patch was not properly manufactured;

c. the Kugel Patch was defectively designed;

d. the Kugel Patch did not perform as safely as an ordinary consumer/patient would expect;

e. the Kugel Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the consumer/patient; and

f. such further and additional defects as discovery and the evidence reveal.

15. As a result of this dangerous and defective condition, and the numerous serious injuries that resulted, the FDA issued the first Class 1 Recall of various lots of the Kugel Patches on December 22, 2005. The Class 1 Recall was expanded in subsequent recalls on March 31, 2006, and January 24, 2007. A Class 1 Recall is the highest level of recall available to the FDA. It is issued when the FDA believes a medical product is dangerous or defective and predictably could cause serious health problems or death.

16. The products that are affected by the recall were distributed to customers and implanted in patients worldwide. As of March 2006, roughly 75,000 Kugel Patches had been sold. Upon information and belief, the vast majority of the patches which have been implanted are currently still inside patients residing in the United States.

17. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the products' users.

18. Defendants Kugel Patches are defective because they possess the potential for breakage or malfunction of the memory recoil ring and, as a result, are subject to risk of resulting injury.

19. Defendants did not timely apprise the public and physicians of the defect in their Kugel Patches, despite Defendants' knowledge that memory recoil rings had failed due to the described defects. Defendants' concealment of a known defect from Plaintiff tolls the applicable statute of limitation. Plaintiff could not have discovered the existence of the defect in the Kugel Patch implanted in her until at least December 22, 2005, when Defendants first provided notice of the recall.

20. Defendants' conduct, as described in the preceding paragraphs, amounts to conduct purposely committed, which Defendants must have realized was dangerous, heedless and reckless, without regard to the consequences or the rights and safety of Plaintiff.

21. As a direct and proximate cause of Defendants' conduct and the recalled Kugel Patches, Plaintiff LANA K. GIALLELLA has suffered injuries and will require continual medical monitoring and care. Accordingly, Plaintiffs will incur future medical costs related to the recalled Kugel Patches.

## PLAINTIFF'S EXPERIENCE

22. Plaintiff LANA K. GIALLELLA underwent a hernia repair surgical procedure at Buffalo General Hospital in Buffalo, New York, and during the course thereof, her physician, John Antkowiak, M.D., implanted a Kugel Patch into her body.

23. The Kugel Patch implanted in Plaintiff was designed, manufactured, sold and distributed by Defendants, and was intended to be used by surgeons for hernia repair surgeries. Defendants represented the Kugel Patch to be appropriate and suitable products for such purposes.

24. The Kugel Patch inserted in Plaintiff LANA K. GIALLELLA'S body gave rise to an infection, causing her severe pain and suffering. After less invasive methods failed to resolve the infection, the Kugel Patch was removed.

25. As a direct and proximate result of Defendants' defective design, manufacture, function and/or inadequate warnings regarding the Kugel Patch, Plaintiffs sustained, and will continue to sustain, injuries and damages.

26. Plaintiff PASCAL A. GIALLELLA'S claim is derivative of the claim presented by his respective spouse, LANA K. GIALLELLA.

## COUNT I

### Unfair And Deceptive Trade Practices Under Rhode Island State Law

27. Plaintiffs allege and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

28. At all times relevant, Defendants were engaged in the design, manufacturing, assembling, distributing, conveying and/or selling of the Kugel Patch in their ordinary course of business. Defendants designed, manufactured, assembled and sold the devices to hospitals and physicians, knowing that they would be thereby sold to patients who needed hernia repair surgery, including Plaintiff.

29. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of the Kugel Patches.

30. Plaintiff LANA K. GIALLELLA is a consumer of the defective product and was injured by Defendants' deceptive and unfair acts.

31. Had the Defendants not engaged in the deceptive conduct described above, Plaintiff LANA K. GIALLELLA would not have purchased and/or paid for the Kugel Patch, would not have incurred related medical costs and would not continue to incur these costs.

32. Defendants' representations and material omissions to patients, physicians and consumers, including Plaintiff, constituted unfair and deceptive acts or practices in violation of R.I. Gen. Laws §6-13.14, et. seq.

33. Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiffs for the Kugel Patch and/or for the costs of removing and/or replacing the Kugel Patch that she would not have paid had Defendants not engaged in unfair and deceptive conduct.

34. Plaintiff LANA K. GIALLELLA was injured by the cumulative and indivisible nature of Defendants' conduct. The purpose of that conduct, directed at patients, physicians and consumers, was to create demand for and to sell the Kugel Patches. Each aspect of Defendants' conduct combined to artificially create sales of the Kugel Patches.

35. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have incurred and will likely continue to incur medical costs relating to the Kugel Patch, including medical monitoring and/or other hospital costs , in an amount to be proven at trial.

36. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief in the form of a court supervised medical monitoring program, punitive damages, attorneys fees and costs of suit.

37. Medical monitoring is medically reasonable and necessary in order to provide for the early detection and prevention of irreparable harm, sever and debilitating injuries and death. In the absence of such relief, Plaintiff LANA K. GIALLELLA might not receive prompt medical care that could prolong her productive life, increase prospects for improvement and to minimize disability.

**COUNT II**

**Negligence**

38. Plaintiffs allege and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

39. Defendants DAVOL and BARD were negligent to Plaintiffs in the following respects:

40. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

41. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known that the Kugel Patches were of such a nature

that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injury the Kugel Patch's users.

42. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

43. DAVOL and BARD were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew or should have known that the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard for the safety Plaintiff.

44. Defendants DAVOL and BARD owed a duty to Plaintiff to adequately warn Plaintiff LANA K. GIALLELLA and her treating physicians of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

45. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

46. As a direct and proximate result of the duties breached, the Kugel Patch used in the Plaintiff LANA K. GIALLELLA'S hernia repair surgery failed, resulting in Plaintiff LANA K. GIALLELLA suffering pain and harm.

47. Plaintiff PASCAL A. GIALLELLA'S claim is derivative of the claim presented by his spouse, LANA K. GIALLELLA.

48. As a direct and proximate result of DAVOL's and BARD's negligence, Plaintiffs have suffered injuries and damages.

49. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**COUNT III**

**Strict Liability**

50. Plaintiffs allege and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

51. Defendants DAVOL and BARD are strictly liable to Plaintiffs in the following respects:

52. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

53. The Kugel Patches subject to the Class I Recall were defective because they failed to perform safely and effectively for the purpose they were originally

designed. Plaintiff's Kugel Patch was a Class I recalled device that failed while in Plaintiff LANA K. GIALLELLA'S body, causing her to develop serious physical complications which required subsequent, painful and unnecessary surgical removal of his Kugel Patch.

54. At all times mentioned, the Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

55. The Kugel Patch implanted into Plaintiff LANA K. GIALLELLA was being used in a manner reasonably anticipated at the time it was implanted in her by her surgeon.

56. The Kugel Patches, like the one found in Plaintiff LANA K. GIALLELLA at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

a. The Kugel Patch was sold in a defective condition by design and manufacture;

b. The Kugel Patch as designed and manufactured was unsafe to Plaintiff;

c. The Kugel Patch as designed and manufactured was unreasonably dangerous to Plaintiff;

d. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect;

e. The Kugel Patch as designed and manufactured was unsafe for its intended use;

f. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

g. DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

h. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

i. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery;

j. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

57. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

## COUNT IV

### Intentional Inflection of Emotional Distress

58. Plaintiffs allege and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

59. Defendants DAVOL and BARD are liable to Plaintiff for the intentional infliction of emotional distress in the following respects:

60. Plaintiffs suffered severe emotional distress which was a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Kugel Patch for hernia repair surgery.

61. Plaintiffs suffered severe emotional distress which was as a result of DAVOL's and BARD's extreme, outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Kugel Patch for hernia repair surgery, in complete and reckless disregard for the safety of Plaintiff LANA K. GIALLELLA.

62. Therefore, DAVOL and BARD are liable to Plaintiffs.

63. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

## COUNT V

### Breach of Implied Warranty

64. Plaintiffs allege and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

65. Defendants DAVOL and BARD are liable to Plaintiffs for their breach of implied warranty in the following respects:

66. DAVOL and BARD sold the Kugel Patch which was implanted in the Plaintiff LANA K. GIALLELLA. DAVOL and BARD impliedly warranted to Plaintiff, Plaintiff's physicians and healthcare providers, that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

67. DAVOL and BARD knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

68. Plaintiff, Plaintiff's physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Kugel Patch was fit for such use.

69. When the Kugel Patch was distributed into the stream of commerce and sold by DAVOL and BARD, it was unsafe for its intended use, and not of merchantable quality, as warranted by DAVOL and BARD, in that it had very dangerous propensities when used as intended and implanted into a patient's body where it could cause serious injury of harm or death to the end user.

70. Plaintiffs suffered such injuries and damages as a result of DAVOL's and BARD's conduct and actions.

## COUNT VI

### Failure to Warn

71. Plaintiffs allege and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

72. In the course of business, DAVOL and BARD designed, manufactured and sold the Kugel Patch to Buffalo General Hospital for hernia repair surgeries.

73. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time Plaintiff LANA K. GIALLELLA received the Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further, the Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

74. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of theproducts involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Kugel Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

75. The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiff had hernia repair surgery, the Kugel Patch was in the same condition as when manufactured, distributed and sold.

76. Plaintiffs did not know at the time of use of the Kugel Patch, nor at any time prior thereto, of the existence of the defects in the Kugel Patches.

77. Plaintiffs suffered the aforementioned injuries and damages as a direct result of DAVOL's and BARD's failure to warn.

78. The conduct of DAVOL and BARD in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the products were failing and not performing as a represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter DAVOL, BARD and others from similar conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

a. For an Order establishing a medical monitoring program, funded by Defendants, to provide medical testing, screening, services, research and education and a medical/legal registry to ensure that he receives prompt and proper medical treatment;

b. For punitive or exemplary damages against Defendants where appropriate, in an amount sufficient to punish Defendants and deter others from similar wrongdoing;

c. For all applicable statutory damages under the consumer protection legislation;

d. For an award of attorneys' fees and costs;

e. For prejudgment interest and the costs of suit; and

f. For such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this case.

DATED: Buffalo, New York
May 27, 2008

Yours, etc.,

**CELLINO & BARNES, P.C.**

By: ______________________

Brian A. Goldstein, Esq.
Attorneys for Plaintiffs
17 Court Street, 7th Floor
Buffalo, New York 14202-3290
(716) 854-2020