**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LANA K. GIALLELLA and PASCAL A. GIALELLA, Plaintiffs, v. DAVOL INC. and C.R. BARD, INC., Defendants. | ) | Case No.: 08 CV 0447 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard"), (collectively, "Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 either contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to which no response is required. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 1.

2. The allegations in Paragraph 2 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**PARTIES**

3. Paragraph 3 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

4. The allegations in Paragraph 4 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5. Davol admits that it is a subsidiary of C.R. Bard and that it is organized under the laws of the State of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, Rhode Island 02886, and that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island. Answering further, Davol admits that, at various times, it designed, conducted limited manufacturing, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the States of New York. Davol does not know what is meant by "analyzed", "recommended", "merchandised", "advertised" "promoted", or "supplied" beyond the meanings of "designed", "manufactured", and "distributed", which have already been admitted. Therefore, Davol denies these allegations. Davol denies any remaining allegations in this paragraph.

6. Bard admits that it is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 730 Central Avenue, Murray Hill, Union County, New Jersey 07974. Bard denies each and every remaining allegation in Paragraph 6.

**JURISDICTION AND VENUE**

7. Defendants agree that the requirements of 28 U.S.C. § 1332 have been met, and that this case makes similar allegations as those in *In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007).

8. Paragraph 8 of the Complaint contains allegations that are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## GENERAL ALLEGATIONS

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

10. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, by prescribing physicians in accordance with its accompanying labeling information. Defendants deny the remaining allegations.

11. Defendants admit that Bard entered into an asset purchase agreement with Surgical Sense Inc. in January 2000 but denies that it assumed any liability of Surgical Sense Inc. Defendants admit that Davol submitted a 510k Application on October 23, 2000, and on January 22, 2001, the federal Food & Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny the same.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny the same.

13. The allegations in Paragraph 13 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

14. The allegations in Paragraph 14 and its subparts (a) though (f) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

15. Defendants admit that Davol conducted a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007, and further state these products have since been returned to the market with FDA approval. Answering further, Defendants admit that the federal Food and Drug Administration categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm. Defendants deny any remaining allegations.

16. Defendants deny the allegations.

17. The allegations in Paragraph 17 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

18. The allegations in Paragraph 18 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

19. The allegations in Paragraph 19 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

20. The allegations in Paragraph 20 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

21. The allegations in Paragraph 21 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## PLAINTIFF'S EXPERIENCE

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

23. Defendants admit that Davol at various times designed, distributed, conducted limited manufacturing, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations

in this paragraph are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

25. The allegations in Paragraph 25 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

26. The allegations in Paragraph 26 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT I

### Unfair and Deceptive Trade Practices Under Rhode Island State Law

27. In response to Paragraph 27 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

28. Davol admits that various times it designed, conducted limited manufacturing, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 28 of the complaint, Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 28.

29. The allegations in Paragraph 29 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

32. The allegations in Paragraph 32 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. The allegations in Paragraph 37 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II**

**Negligence**

38. In response to Paragraph 38 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

39. The allegations in Paragraph 39 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

45. The allegations in Paragraph 45 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT III

### Strict Liability

50. In response to Paragraph 50 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

51. The allegations in Paragraph 51 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

52. Davol admits that at various time it designed, conducted limited manufacturing, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 52 of the complaint, Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 52.

53. The allegations in Paragraph 53 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

56. The allegations in Paragraph 56 and its subparts (a) though (j) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT IV

### Intentional Infliction of Emotional Distress

58. In response to Paragraph 58 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

59. The allegations in Paragraph 59 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

62. The allegations in Paragraph 62 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

63. The allegations in Paragraph 63 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT V

### Breach of Implied Warranty

64. In response to Paragraph 64 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

65. The allegations in Paragraph 65 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

69. The allegations in Paragraph 69 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VI

### Failure to Warn

71. In response to Paragraph 71 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

72. Davol admits that at various times it designed, conducted limited manufacturing, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegation. Bard denies each and every allegation presented in Paragraph 72.

73. The allegations in Paragraph 73 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

75. The allegations in Paragraph 75 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

76. The allegations in Paragraph 76 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

77. The allegations in Paragraph 77 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

78. The allegations in Paragraph 78 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or Plaintiffs' agents', including Plaintiffs' physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were

extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

16. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

17. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® hernia repair patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give

notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® hernia repair patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the New York Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the

due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the New York Constitution.

28. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under New York and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than New York.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: June 20, 2008

Respectfully submitted,

PEPPER HAMILTON LLP

Suzanne M. D'Amico (SD 3581)
Pepper Hamilton LLP
620 Eighth Avenue, 37th Floor
New York, NY 10018
Phone: (212) 808-2710
Fax: (212) 286-9806
damicos@pepperlaw.com

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

Of Counsel:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639
kgriffis@spriggs.com
dgausepohl@spriggs.com
mjunk@spriggs.com